REID, Judge.
Plaintiff Royal American Life Insurance Company filed a foreclosure proceeding against Wesley C. Brummett and his wife, Nancy M. Brummett, on a mortgage note for the sum of $24,600.00 dated January 16, 1967, payable on demand and to the order of himself and by him endorsed, with interest at the rate of 8% per annum from date until paid and paraphed ne varietur for identification with an act of construction mortgage passed before M. Aubrey McCleary Jr. Notary Public, on January 16, 1967 which mortgage covered Lot 145 Tara Subdivision, First Filing, East Baton Rouge Parish, Louisiana.
The mortgage alleged that there was an advance on this construction loan in the total sum of $20,460.00. The foreclosure proceeded by executory process and the property was sold on November 15, 1967 by the Sheriff of East Baton Rouge Parish and adjudicated to plaintiff at the bid price of $15,000.00.
Subsequently, after the Sheriff’s Sale, plaintiff filed a rule to show cause against all the lien holders alleging that its mortgage was superior in rank to the liens of the lien holders and ordering them to show cause why plaintiff’s mortgage should not be paid in preference or priority over the other lien holders and why the liens should not be cancelled in the mortgage records. The mortgage certificate shows that there were some eleven liens filed by various suppliers, subcontractors and laborers on the property, and that the liens totalled $10,255.10.
The rule was heard and on December 19, 1967 judgment was rendered in the Lower Court decreeing that plaintiff’s mortgage primed the liens of the material men and subcontractors, but it did not prime the lien for labor. The Court recognized the lien of Leo Hawkins in the amount of $400.00, a labor lien, and according to a stipulation in the record allowed James H. Morrow Jr. to reserve his rights to bring a separate action to determine whether or not his lien constituted a labor lien within the lien law. The Judge gave written reasons which are in the record.
Appeals were originally taken by Hudson C. Slayton dba Aireo Service Company and Currie Lumber Company, Inc. None of the other lien holders filed an appeal and the appeal of Currie Lumber *271 Company, Inc. has now been dismissed. Therefore, Hudson G. Slayton is the only appellant before this Court at this time.
The appellant set forth three specifications of error in his brief, as follows, to-wit:
“1. Making erroneous findings of fact by failing to consider the plaintiff-mortgagee had the burden of proving that it was a “bona fide” construction mortgagee with regard to all the facts necessary to establish such status.
2. In failing to consider that R.S. 9:-4819 has changed the previous law and requires a bona fide mortgagee to have an inspection by an architect or licensed engineer if it is to have priority over Title 9 Lien Claimants.
3. In considering the actions of plaintiff-mortgagee after execution of a purported construction mortgage and sending an employee not qualified as an architect or engineer who merely peered out of his automobile window at a lot some eight hours before the recordation of the mortgage without any intervening observations as constituting an “inspection” within the intendment of R.S. 9:4819 (A3) providing plaintiff priority over Title 9 Lien Claimants.”
The appellant in support of his contention cites a recent case decided by this Court of Courshon v. Mauroner-Craddock, Inc., 219 So.2d 258. However, subsequent to the original opinion which was written by the author of this opinion, a rehearing was granted and the matter was reargued and resubmitted to the Court and we have this day rendered judgment by divided Court reversing our original opinion and affirming the original judgment of the Lower Court.
The appellant Hudson G. Slayton filed no written pleadings in this matter and the question of whether any portion of construction loan was used for the payment of prior mortgages or commitment fees or vendor’s liens was not raised in the Lower Court.
The main issue in this appeal is the question of whether or not any work was started on the job before the passing and recordation of the act of mortgage which is the basis of this suit.
Plaintiff put on a Mr. Alan West who was an employee of plaintiff and he testified that he went to the building site at the request of plaintiff, investigated the land from his car, made notes and stated that while there were not any trees on the lot, and he could find no evidence of any excavations or grading of the lot or any material placed thereon.
Defendant put on two witnesses, namely, Mr. James H. Morrow Jr. and Mr. James H. Hammatt.
Mr. Morrow testified that there had been some grading done on the lot on January 14th, trees were taken out and topsoil was put on the lot. However, on cross examination he testified that his knowledge of the date that the lot was supposed to have been graded was based on information furnished by Mr. Hammatt and he had no independent recollection of the date. Mr. James H. Hammatt in his testimony stated that he had graded the lot and completed it and billed it on January 14th. He stated that he might have taken two or three days before that to finish it but according to his records it was billed on the 14th.
However, on cross examination Ham-matt testified as follows:
“BY MR. McCLEARY:
Q: Mr. Hammatt, do you recall specifically writing this out on the day that the work was done ?
A: No sir. The work — it might have been written two or three days in advance of that. It’s possible, I don’t remember.
*272 Q: This may have been written two or three days in advance of the work being done ?
A: Right. Usually they call, I go look at a job, call them back and give them a price, they give me the go-ahead, and it might be that I’m busy that day or two, or something like that, and then I go to work on it, and when I finish the job, then I bill it. So, I can’t say what day I wrote it. It might have been as much as a week in advance of that, the day that I wrote it, I don’t know. It was billed on January 14th.”
JYe do not consider this is sufficient evidence to warrant a finding by this Court that there were excavations or any work done on the lot prior to the passing and recordation of the act of mortgage.
The Legislature of 1966 added the provisions of LSA-R.S. 9:4819 which provides in part as follows, to-wit:
"(A) The phrase, ‘before the work or labor is begun or any material is furnished’ as used in R.S. 9:4801-9; 4817, both inclusive, shall be defined as follows :
(1) In the event that the work or construction is new, then ‘work or labor is begun or material is furnished’ is defined as having begun when either excavation has been started so that it can be observed on inspection, or material has been furnished and delivered to the jobsite which is visible upon inspection and which material when delivered had a value in excess of one hundred dollars. (Emphasis Added)”
The Trial Judge in his written reasons for judgment found as follows :
“It appears to the Court that unless the evidence here shows that excavation that could be observed on inspection had been started on this property, or that material of the value in excess of $100.00 which was visible upon inspection had been furnished and delivered to the jobsite, then none of the recorded liens primed the mortgage in question.
Mortgage foreclosed upon here was filed for record on January 17, 1967. The evidence fails to show that any excavation observable on inspection had been started prior to that date or that any material had been furnished and delivered to the jobsite earlier than January 18, 1967.”
With this finding of the Trial Judge we are in accord and find no manifest error in the same.
For the foregoing reasons it is hereby ordered that the judgment of the Lower Court be affirmed at appellant’s costs.
Affirmed.